IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRETT R. RICE and
TAMMY R. MILLS (RICE),

      Plaintiffs,

v.   No. 1:23-cv-00561-KK

PROGRESSIVE,

      Defendant.

### ORDER TO CURE DEFICIENCIES

This case arises from Defendant Progressive's alleged failure to fully pay an insurance claim. *See* Complaint, Doc. 2, filed July 3, 2023. Plaintiff Tammy Mills is proceeding *pro se*. Her husband, Plaintiff Brett Rice, is deceased. *See* Complaint at 2. Plaintiff Mills must address the following deficiencies for this case to proceed.

**Filing Fee or Application to Proceed *In Forma Pauperis***

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

Plaintiff Tammy Mills has not paid the $402.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff Mills must either pay the fee or file an Application. The Clerk's Office mailed a packet of information to Plaintiff Mills, including a form "Application to Proceed in District Court Without Prepaying Fees or Costs," on July 3, 2023.

**The Complaint**

Plaintiff Mills filed her Complaint using a "*Martinez v. Progressive* Claim Form" addressed to the "*Martinez v. Progressive* Settlement Administrator." Plaintiff Mills appears to assert claims on behalf of herself and on behalf of her deceased husband. *See* Complaint at 2.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). The Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. The Complaint does not show that the Court has federal question jurisdiction because there are no allegations that this case arises under the Constitution or laws of the United States. *See* 28 U.S.C. § 1331; *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint also does not show that the Court has diversity jurisdiction because there are no allegations that Plaintiffs and Defendant are citizens of different States or that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1).

The Complaint fails to state a claim upon which relief can be granted because it does not contain sufficient factual allegations showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). It appears that Progressive did not harm Plaintiff Rice because the Complaint alleges Plaintiff Rice "had 2 wrecks that was not his fault" but that Defendant "fixed his" car. Complaint at 2. The Complaint also alleges that Plaintiff Mills was "rear ended," Defendant "totaled" her car, told her that her "car was only good for $9,000.00," and it cost her $14,000.00 to replace her car. Complaint at 2. The Complaint does not allege when the damage to the vehicles occurred. The Complaint alleges that when Plaintiff Mills "reported to [Progressive] that my husband had passed away . . . [Progressive] dropped me an[d] wouldn't cover me an[d] they took my payment I sent an[d] it went thro[ugh] the bank but they still dropped me." Complaint at 2. The Complaint does not state when Progressive took Plaintiff Mills' payment and "dropped" her insurance coverage. The *Martinez v. Progressive* Claim Form indicates it applies to claims made and premiums paid "between January 1, 2004 and March 22, 2022." Complaint at 1. Plaintiff signed the *Martinez v. Progressive* Claim Form on June 20, 2023, but does not indicate when she submitted the Claim Form to Progressive, that Progressive denied her claim pursuant to the *Martinez v. Progressive* Settlement, or the deadline for Progressive to respond to a claim pursuant to the *Martinez v. Progressive* Settlement. *See* Complaint at 2.

Plaintiff Mills, who appears to assert claims on behalf of her deceased husband, is not an attorney authorized to practice before this Court. *See* D.N.M.LR-Civ. 83.7 ("A corporation,

3

partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). One purpose of the rule against *pro se* litigants representing another party is to protect the interests of the represented party. Plaintiff may represent her husband's estate only if she is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors"); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate"). There are no allegations showing that Plaintiff Mills can represent her husband's estate, that she is the sole beneficiary of the estate and that the estate has no creditors.

The Complaint does not show that the District of New Mexico is the proper venue for this case. The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). One purpose of the rule against *pro se* litigants representing another party is to protect the interests of the represented party. Plaintiff may represent her husband's estate only if she is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors"); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate"). There are no allegations showing that Plaintiff Mills can represent her husband's estate, that she is the sole beneficiary of the estate and that the estate has no creditors.

The Complaint does not show that the District of New Mexico is the proper venue for this case. The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought."). The Complaint alleges that the damage to Plaintiff Rice's car occurred in Idaho and the damage to Plaintiff Mills' car occurred in Texas. It appears that the District of New Mexico may not be the proper venue for this case because there are no allegations that Defendant resides in the District of New Mexico, that any of the events or omissions giving rise to the claim occurred in the District of New Mexico, or that Plaintiffs' vehicles are situated in the District of New Mexico.

While it appears the claims in the Complaint can be dismissed for the reasons stated above, it is not obvious that it would be futile to give Plaintiff Mills an opportunity to file an amended complaint. The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state is claims . . . in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i) Plaintiff Mills shall, within 21 days of entry of this Order either pay the $402.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the $402.00 fee or file an Application may result in dismissal of this case.

(ii)  Plaintiff Mills shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**