IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRETT R. RICE and
TAMMY R. MILLS (RICE),

        Plaintiffs,

v.                                                                              No. 1:23-cv-00561-MIS-KK

PROGRESSIVE,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from Defendant Progressive's alleged failure to fully pay an insurance claim. *See* Complaint, Doc. 2, filed July 3, 2023. Plaintiff Tammy Mills is proceeding *pro se*. Plaintiff Mills also asserts claims on behalf of her husband, Plaintiff Brett Rice, who is deceased. *See* Complaint at 2.

Plaintiff Mills filed the Complaint using a "*Martinez v. Progressive* Claim Form" addressed to the "*Martinez v. Progressive* Settlement Administrator." The *Martinez v. Progressive* Claim Form indicates it applies to underinsured motorist claims made, or which could have been made, "between January 1, 2004 and March 22, 2022." Complaint at 1. The Complaint indicates that damage to Plaintiff Rice's car occurred in Idaho and the damage to Plaintiff Mills' car occurred in Texas. *See* Complaint at 2. Plaintiff Mills signed the *Martinez v. Progressive* Claim Form on June 20, 2023, and mailed her Complaint to the Court on June 27, 2023, but does not indicate when she submitted the Claim Form to Progressive, that Progressive denied her claim pursuant to the *Martinez v. Progressive* Settlement, or the deadline for Progressive to respond to a claim pursuant to the *Martinez v. Progressive* Settlement. *See* Complaint at 2. The Complaint also alleges that Plaintiff Mills was "rear ended," Defendant

"totaled" her car, Defendant told Plaintiff that her "car was only good for $9,000.00," and it cost Plaintiff $14,000.00 to replace her car. Complaint at 2. The Complaint does not allege when the damage to the vehicles occurred. The Complaint alleges that when Plaintiff Mills "reported to [Progressive] that my husband had passed away . . . [Progressive] dropped me an[d] wouldn't cover me an[d] they took my payment I sent an[d] it went thro[ugh] the bank but they still dropped me." Complaint at 2. The Complaint does not state when Progressive took Plaintiff Mills' payment and "dropped" her insurance coverage.

> United States Magistrate Judge Kirtan Khalsa notified Plaintiff Mills that:
>
> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). The Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. The Complaint does not show that the Court has federal question jurisdiction because there are no allegations that this case arises under the Constitution or laws of the United States. *See* 28 U.S.C. § 1331; *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint also does not show that the Court has diversity jurisdiction because there are no allegations that Plaintiffs and Defendant are citizens of different States or that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1).

Order to Cure Deficiencies at 2, Doc. 3, filed July 5, 2023. Judge Khalsa also notified Plaintiff Mills that: (i) The Complaint fails to state a claim upon which relief can be granted because it does not contain sufficient factual allegations showing that Plaintiffs are entitled to relief; (ii) There are no allegations showing that Plaintiff Mills can represent her husband's estate, that she is the sole beneficiary of the estate and that the estate has no creditors; and (iii) The Complaint does not show that the District of New Mexico is the proper venue for this case. *See*

Order to Cure Deficiencies at 3-5.  Judge Khalsa ordered Plaintiff Mills to file an amended complaint and stated that failure to timely file an amended complaint may result in dismissal of this case.  *See* Order to Cure Deficiencies at 6.  Plaintiff did not file an amended complaint by the July 26, 2023, deadline.

Plaintiff has not met her burden of alleging facts that support jurisdiction.  The Complaint does not allege facts showing that the Court has federal question or diversity jurisdiction.  *See* Order to Cure Deficiencies at 2 (quoted above).  Plaintiff did not file an amended complaint alleging facts that support jurisdiction and did not otherwise respond to Judge Khalsa's Order to Cure Deficiencies.

The Court dismisses this action without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE